**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MARCEY S. POTTS | § | |
| | § | |
| V. | § | CASE NO. 4:03cv218 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for disabled widow's insurance benefits (DWIB). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be Affirmed.

**HISTORY OF THE CASE**

Plaintiff filed her application for DWIB on April 25, 2001, which was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing de novo before an administrative law judge (ALJ) was held on September 23, 2002, at which Plaintiff, represented by counsel, a medical expert (ME), and a vocational expert (VE) appeared and testified (Tr. 23-60). After considering all of the evidence of record, the ALJ issued a decision on December 20, 2002, denying Plaintiff's claim for disability benefits (Tr. 8-20). After Plaintiff properly filed a Request for Review, the Appeals Council concluded on April 3, 2003 that no basis existed for review of the ALJ's decision (Tr. 2-5).

Plaintiff sought review of the Commissioner's decision in United States District Court, and, on March 2, 2004, this Court granted Plaintiff's unopposed Motion for Remand based upon new and material evidence (Tr. 489-490). Judge Schell remanded the case pursuant to the sixth sentence of

1

the Social Security Act, 42 U.S.C. § 405(g), to determine whether Plaintiff could perform any past relevant work and seek expert testimony on whether she could perform any work at step 5. A supplemental administrative hearing was held on remand on January 26, 2005, at which Plaintiff, represented by counsel, and a VE, appeared and testified (Tr. 1205-1223). The ALJ issued the final decision of the Commissioner on February 25, 2005, finding that Plaintiff was not disabled within the meaning of the Act at anytime during the relevant time period of June 13, 1998 through October 31, 1999. The ALJ found that, during the relevant time period, Plaintiff had severe impairments of diabetes mellitus, obesity, a history of hernia operations, and a knee operation, but she did not have an impairment or combination of impairments which met or equaled the requirements of an Appendix 1 Listing. The ALJ also found that Plaintiff's subjective complaints were not credible and that she retained the residual functional capacity (RFC) to perform a significant range of light work. The ALJ further found that based upon VE testimony, there were jobs existing in significant numbers in the national economy which Plaintiff could perform given her age, education, previous work experience and RFC (Tr. 472-480). This Court granted Plaintiff's Motion to Reopen on May 19, 2006.

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following relevant findings as to the issues presented here:

6. The claimant has the following residual functional capacity: lift and carry 20 pounds occasionally and 10 pounds frequently; sit 6 of 8 hours; stand/walk 6 of 8 hours; no climbing or(sic) ropes or ladders; and only occasional balancing, stooping, kneeling, crouching, crawling and bending.

7. The claimant is unable to perform any of her past relevant work.

11. The claimant has the residual functional capacity to perform a significant range of light work

12. There are a number of jobs in the national economy she can perform including electrical assembly; cafeteria attendant; document preparer; and ticket taker.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial

gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of her disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if her alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if her impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if she is capable of performing her past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to her past work is not disabled if she has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

In this case, the determination was made at the fifth step concerning whether Plaintiff demonstrated impairments which prevented her from performing a significant number of light jobs in the economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with her medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of

proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

## ANALYSIS

Plaintiff here brings one point of error. She claims that the ALJ's residual functional capacity finding is not supported by substantial evidence. She claims that there is no medical evidence to support the ALJ's finding and that he has not followed the standard set forth in *Bodin v. Barnhart,* 2004 WL 3237480 (E.D. Tex. 2004).

The ALJ's medical testimony to support stand and walk was from Dr. Murphy in 2002. At the subsequent hearing in 2005, no medical evidence was elicited even though additional medical records for the period in question had been submitted by Plaintiff. Dr. Murphy commented on several occasions in the prior hearing that the records were incomplete. However, he did imply that his RFC might be more, which seems to indicate that 'light' was the lowest he would proceed with the records in front of him.

Plaintiff contends that, since the 2002 hearing, she has submitted new evidence of conditions discussed by Dr. Murphy. First, there is evidence that she was hospitalized during this period for 17 days due to a deep vein thrombosis. There were three separate admissions for this condition. Plaintiff also points to records which show she had a right total knee prosthesis. She claims this was not considered by Dr. Murphy nor acknowledged by the ALJ. She also complains that the ALJ did not accord proper weight to her treating physicians.

"'[O]rdinarily, the opinions, diagnoses, and medical evidence of a treating physician who is familiar with claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability.'" *Myers v. Apfel,* 238 F.3d 617, 620 (5th Cir. 2001) (quoting *Greenspan*

*v. Shalala,* 38 F.3d 232, 237 (5th Cir. 1994)). However, medical opinions are not conclusive, because it is the ALJ's role to decide the claimant's status. *Id.* "'Accordingly, when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence.'" *Id.* (citing *Greenspan,* 38 F.3d at 237). When a claimant complains of pain, she must produce objective medical evidence of a condition that could be reasonably expected to produce the level of pain and limitations alleged. *Harper v. Sullivan,* 887 F.2d 92, 96 (5th Cir. 1989). Overall, "'conflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Materson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002) (citing *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In appropriate cases, the Commissioner may base a decision on testimony of a medical expert witness who neither treated nor examined a claimant. *See e.g., Richardson v. Perales,* 402 U.S. at 408, 91 S. Ct. at 1431 ("We see nothing unconstitutional or improper in the medical adviser concept ...."); *see also Kinash v. Callahan,* 129 F.3d 736, 739 (5th Cir. 1997) (Testimony of medical expert provided "sufficient evidence for the Commissioner to find that [plaintiff] did not suffer from ... listed condition."). This prerogative exists even when the medical expert's testimony conflicts with evidence from treating or consultative examining sources. *Masterson v. Barnhart,* 309 F.3d at 273; *Hudson v. Barnhart,* 345 F.3d 661, 666 (8th Cir. 2003) (ALJ properly relied on medical expert's testimony which pointed out inconsistencies in treating physician's records); *Morgan v. Apfel,* 160 F.3d 595, 601 (9th Cir. 1999) (Medical expert's testimony, in combination with other evidence, provided substantial evidence justifying rejection of treating physician's opinion).

The Court has reviewed the records submitted by Plaintiff's treating doctors. The only statements as to disability are conclusory and come outside the scope of the relevant period. Two studies indicate that during the relevant period, Plaintiff had no evidence of recurring deep vein thrombosis. The ALJ cited the evidence he reviewed and the reasons for rendering his opinion. On remand the ALJ followed the instructions of the Court as well as the Appeals Council. At step 5, he found that Plaintiff could perform jobs within the national economy. In doing so, he relied upon the testimony of a VE. Given the record before him and even in light of additional records, there was no need for the ALJ to consult another ME.

The Court finds that any error in the proceeding is harmless error in light of the ALJ's review of voluminous documents, the paucity of records relating to any knee complaints, and the lumbar studies indicating no significant abnormalities. In addition, as stated, the records reflect that any problem with her deep vein thrombosis had resolved during the period under review. The harmless error doctrine applies in Social Security disability cases. *See Morris v. Bowen,* 864 F.2d 333, 335 (5th Cir. 1998). "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected." *Id.* (citing *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988)). Ms. Potts' substantive rights were not affected by any error. "[C]onflicts in the evidence, including the medical evidence, are to be resolved, not by a reviewing court, but by the ALJ." *Carry v. Heckler,* 750 F.2d 479, 482 (5th Cir. 1985). The ALJ's determination that Dr. Garvin's assessments should not be given substantial weight was based on a consideration of all the evidence and thus will not be overturned. *See id.*

The ALJ was not required to order another consultative exam. It is entirely within his discretion and such an exam is necessary only if necessary to reach a determination regarding

disability. *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989). The ALJ reviewed the record for the matters on which he was directed, and he rendered his opinion accordingly.

### RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 29th day of November, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE